REQUESTED BY: Warren R. Arganbright, Cherry County Attorney, Box 67, Valentine, Nebraska, 69201.
What power has the county board, acting for the county, to convey personal property such as drainage tubes and bridge planks to private citizens of the county, incidental to county business?
The county does not have such power unless the county will not be using or reordering them in the forseeable future.
Neb.Rev.Stat. § 23-104 (1982 Supp.) provides in part:
 "Each county shall have power (1) to purchase and hold the real and personal estate necessary for the use of the county; . . . (4) to sell, convey, exchange, or lease any real or personal estate owned by the county in such manner and upon such terms and conditions as may be deemed in the best interest of the county; . . . and (6) to make all contracts and to do all other acts in relation to property and concerns of the county necessary to the exercise of its corporate powers; Provided, that no lease agreement for the rental of equipment shall be entered into if the consideration for all lease agreements for the fiscal year exceeds one-tenth of one percent of the total actual valuation of the county, except intangible property."
(Emphasis added).
It should first be noted that subparagraph (6) of this section would not appear to grant a county additional powers. In Lindburg v. Bennett, 117 Neb. 66, 219 N.W. 851
(1928), it was stated on page 77:
 "That a county, even though a body politic and corporate, is a creature of statute and has only such powers as the legislature has conferred upon it is almost axiomatic."
Therefore, the question has to be whether the legislature has clothed counties with the power to acquire such things as culverts and bridge timber for the purpose of resale to private citizens. We believe the counties have been given no such power. In State ex rel. Johnson v. County ofGage, 154 Neb. 822, 49 N.W.2d 672 (1951), the court again said: `A county in this state is a creature of statute and has no inherent authority.' The court also said:
 "Appellee is not a municipal corporation. A county in this state is a quasi corporation, governmental in character only, charged with certain objects of necessary local administration and in that capacity acts purely as an agent of the state. It does not possess the double governmental and private or proprietary character that cities do. . . LN 
 This case concerns a durable material not capable of deterioration, and no surplus rock incidentally produced required private sale as is frequently true in a municipal supply of water, electric energy or a like commodity."
In the final analysis, subsection (1) of Section 23-104
authorizes the county to purchase and hold real and personal estate necessary for the use of the county. In light of theJohnson case, supra, we believe it very clear that purchases in excess of the county's need in order to have a stock on hand for resale do not constitute an acquisition necessary for the use of the county. Not being authorized to make the acquisition in the first place, the county is likewise not able to sell such items under subsection (4) of the section for the reason that there cannot, in the normal course of the county business, be a surplus of the same. If, in one year, an amount in excess of that which is ultimately needed is acquired, then according to the Johnson case, that surplus should be carried over and the county's acquisitions in the next year should be reduced accordingly. This is not to say, however, if a county has any salvaged, used or new personal property which it does not expect to need or use in the foreseeable future, that it cannot dispose of it under this section.
To order items of personal property each year with the knowledge that part of them would be sold to private individuals is, however, tantamount to entering into business for the selling of such products. As long ago as OxnardBeet Sugar Co. v. State, 73 Neb. 57, 102 N.W. 80 (1905),reh'g overruled, 73 Neb. 66, 105 N.W. 716 (1905), it was held that appropriation for the purpose of private business is not a public purpose and, therefore, is unconstitutional. If this is true for other governmental agencies, then, for the reasons above stated, it is especially true of counties.
In State ex rel. Beck v. City of York, 164 Neb. 223,82 N.W.2d 269 (1957), the court said, on page 231:
 "To permit legislation of this character to stand in the face of constitutional prohibitions would constitute a death blow to the private enterprise system and reduce the Constitution to a shambles in so far as its protection of private enterprise is concerned."
It is true that in State ex rel. Douglas v. Thone,204 Neb. 836, 286 N.W.2d 249 (1979), the court found a public purpose in a statutory procedure for the funding of agricultural ethyl alcohol plants. But the court also said, commencing on page 843:
 "The principles which must guide this court in the determination of whether the act contemplates a public purpose are these: `It is for the legislature to decide in the first instance what is and what is not a public purpose, but its determination is not public purpose, but its determination is not conclusive on the courts. However, to justify a court in declaring a tax invalid because it is not for a public purpose, the absence of public purpose must be so clear and palpable as to be immediately perceptible to the reasonable mind.". . .
 "What is a public purpose is primarily for the Legislature to determine. A public purpose has for its objective the promotion of the public health, safety, morals, security, prosperity, contentment, and the general welfare of all the inhabitants. No hard and fast rule can be laid down for determining whether a proposed expenditure of public funds is valid as devoted to a public use or purpose. Each case must be decided with reference to the object sought to be accomplished and to the degree and manner in which that object affects the public welfare."
While the court, in this instance, did find the purpose to be public, we are unable to find a similar public purpose in a county, in effect, going into competition with private businesses engaged in the retail lumber and culvert business.
Very truly yours, PAUL L. DOUGLAS Attorney General Warren D. Lichty, Jr. Assistant Attorney General Approved:Paul L. Douglas
Attorney General